NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1635
_____

UNITED STATES OF AMERICA

v.

DEVLON SAUNDERS,
A/K/A Dev, A/K/A Shawn,

Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-10-cr-00054-001)
District Judge:  Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012

_____

Before:  AMBRO, CHAGARES and HARDIMAN, Circuit Judges

(Opinion filed:  January 30, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

    Devlon Saunders pled guilty to conspiracy to distribute, and possession with the

intent to distribute, 50 or more grams of cocaine base and marijuana in violation of 21

U.S.C. §§ 841 and 846. The plea agreement that he signed included a waiver of his right to appeal. Saunders's initial Presentence Report recommended a term of imprisonment of 360 months to life based on computations under the United States Sentencing Guidelines. However, his appointed counsel briefed and argued myriad objections to that recommendation. The District Court accepted most of counsel's arguments and sentenced Saunders to 180 months' imprisonment, three years' supervised release, and a fine and assessment of $1,100. Saunders now appeals his sentence.

Saunders's attorney moves to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Saunders has not filed a *pro se* brief. We grant the motion and affirm Saunders's sentence.[1]

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In March 2010, a sealed indictment was filed against Saunders and codefendants. It charged them with three counts: (1) conspiracy to distribute, and possession with intent to distribute, 50 or more grams of cocaine base and marijuana in violation of 21 U.S.C. §§ 841 and 846; (2) distribution, and possession with intent to distribute, 50 or more grams of cocaine base and marijuana in violation of 21 U.S.C. § 841; and (3) use of a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

In May 2010, Saunders, through his appointed counsel, filed motions to suppress evidence with supporting briefs. Plea negotiations continued, and Saunders signed his plea agreement the following month. He pled guilty only to Count One, the conspiracy charge. After he waived his right to appear before a District Judge, a Magistrate Judge conducted a guilty plea hearing.

After the District Court accepted Saunders's guilty plea, it ordered a Presentence Report. That Report calculated a criminal offense level of 41 and a criminal history category of VI under the Sentencing Guidelines. Saunders's counsel objected to the Presentence Report based on the Fair Sentencing Act of 2010, the propriety of a gun use enhancement, and the status of Saunders's criminal history, among other issues. As noted, at the sentencing hearing the District Court resolved most of these issues in Saunders's favor, App. at 92-120, and imposed a sentence of 180 months' imprisonment. This sentence was within the Guidelines range of 168 to 210 months that the Court deemed appropriate.

## II.

At the outset, it appears that Saunders has waived his right to appeal, as his plea agreement contained an appeal waiver. We "retain[] subject matter jurisdiction over the appeal by a defendant who ha[s] signed an appellate waiver." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, "we will not exercise that jurisdiction to review the merits of [Saunders's] appeal if we conclude that []he knowingly and voluntarily waived [his] right to appeal unless the result would work a miscarriage of justice." *Id.* In this case, the Magistrate Judge conducted a thorough colloquy in which

3

Saunders confirmed that his waiver was knowing and voluntary. App. at 73-75. There is no suggestion that he lacks capacity or that there were procedural defects. Lacking any indication of a miscarriage of justice, it is not necessary that we exercise jurisdiction here.

Even if we were to do so, this appeal would fail under our *Anders* standard. Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Saunders's counsel identifies two potential grounds for appeal: the procedural and substantive reasonableness of Saunders's sentence. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal.

No doubt we review Saunders's sentence for procedural and substantive reasonableness. *See United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009). The District Court correctly calculated the advisory Guidelines range, addressing the arguments of Saunders's counsel. Finding for Saunders on many issues, the Court reduced the recommended offense level from 41 to 31 and the recommended criminal history category from VI to V. Its ultimate sentence of 180 months was on the low side of the Guidelines range of 168 to 210 months and just half of the minimum of the range

4

initially recommended, 360 months to life. In addition, the District Court gave due thought to the sentencing factors enumerated in 18 U.S.C. § 3553(a). It considered the difficulty of Saunders's home environment, the seriousness of his offense conduct, and the adequacy of deterrence. App. at 116-17. Taken together, this is sufficient "to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010) (quoting *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008)).

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous ground for appeal, we will grant counsel's motion to withdraw and affirm Saunders's sentence.